IRVINE v. CHATTANOOGA.

(*Knoxville.* October 3, 1898.)

MUNICIPAL CORPORATIONS. *Not liable for negligence of fire department.*

The duty of a municipal corporation to extinguish fires is a public and not a corporate one, and an action will not lie against it for the negligence of the fire department in responding to a call for its services, and the rule is not changed by the fact that the expenses of the fire department are estimated each year in fixing the tax rate.

Cases cited: Memphis v. Kimbrough, 12 Heis., 133; Pesterfield v. McVickers, 3 Cold., 205; Foster v. Water Co., 3 Lea, 48.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

THOMAS & THOMAS for Irvine.

CANTRELL & McREYNOLDS for Chattanooga.

McALISTER, J. The object of this suit is to hold the city of Chattanooga liable for the loss of a dwelling house by fire, which is alleged to have occurred in consequence of the negligence and inefficiency of the fire department. The fire occurred about ten o'clock on the morning of June 26, 1896,

and the dwelling was totally destroyed. It orig-
inated in the roof near the chimney, and, as soon
as it was discovered, the plaintiff turned in an elec-
trical alarm to fire hall No. 2, situated about two
blocks distant. The fire department having failed to
respond, a general alarm was given to all the fire
halls in different portions of the city, but there was
still no response. Plaintiff then undertook to reach
the department by telephone, but was unsuccessful.
In the meantime the fire had slowly spread to other
parts of the building, and, notwithstanding the
utmost exertions on the part of plaintiff, the
house was totally destroyed. It seems reasonably
certain, from this record, that if the fire com-
pany at hall No. 2 had responded, the flames could
have been arrested and the property saved. The
failure of the fire department to respond was due
to the fact that on that morning it had been or-
dered on parade duty to attend the funeral of the
city physician, which occurred about two miles dis-
tant from plaintiff's property, and in an opposite
part of the city.

A demurrer was interposed on behalf of the city,
which was sustained by the Circuit Court, and plain-
tiff's suit dismissed.

The principal assignment of demurrer was, that
the duty to extinguish fires is a public and not a
corporate one, and the city is not liable for the
negligent failure of its officers, agents, and servants
to extinguish fires. The general rule is, that the

neglect of duty for which an action will lie against a municipal corporation must be a plain, absolute duty, which pertains to the corporation as such, and from which it is to derive special benefit in its corporate capacity, and not merely such duties as it exercises for the benefit of the public. Dillon on Mun. Corp., Sec. 976, *et seq.* Says Judge McFarland, in *Mayor and Aldermen of Memphis* v. *Kimbrough,* 12 Heis., 133, viz.: "A municipal corporation is, upon the principle of *respondeat superior,* liable for the negligence of its officers and agents in the exercise of that class of powers conferred upon it not for public purposes only and as pertaining to its functions as a local government, exercising in that aspect a portion of the sovereign power of the State, but for its own corporate advantages and immediate emoluments."

It has been held in this State, upon the principle just stated, that no action lies against a city for the acts of its police officers, such as an assault and battery in the arrest of an offender, or the unlawful refusal of a Recorder to accept bail. *Pesterfield* v. *McVickers,* 3 Cold., 205. So, in a recent case decided at Nashville, this Court held no action would lie against a city for the negligence of an employe in charge of a sprinkling cart, whereby injury was occasioned to plaintiff's buggy. Dillon on Mun. Corp., Vol. II., Sec. 975. Again, at Sec. 976, the same author says: "So, although a municipal corporation has charter power to extinguish

fires, to establish a fire department, to appoint and remove its officers, and to make regulations in respect to their government and the management of fires, it is not liable for the negligence of firemen appointed and paid by it, who, when engaged in their line of duty upon an alarm of fire, ran over plaintiff in drawing a hose reel belonging to the city on their way to the fire, nor for injuries to the plaintiff caused by the bursting of the hose of one of the engines of the corporation, through the negligence of a member of the fire department, nor for negligence when any sparks from the fire engine of the corporation caused the plaintiff's property to be burned.

"The exemption from liability in these and the like cases is . . . that the service is one in which the corporation, as such, had no particular interest, and from which it derives no special benefit in its corporate capacity; that the members of the fire department, although appointed and paid by the city corporation, are not the agents and servants of the city, for whose conduct it is liable, but they act rather as officers of the city charged with a public service, for whose negligence in the discharge of official duty no action lies against the city without being expressly given. The maxim of *respondeat superior* has, therefore, no application."

In *Foster* v. *Water Co.*, 3 Lea, 48, this Court, in considering this subject, said, viz.: "The conclusion of the Courts has been not to press the pecuniary

liability of municipal corporations, which is distinctly recognized where the duty is a corporate one, absolute and perfect, and owing to an injured party, to cases where a duty is assumed, not for the corporate comfort, but for the common good.

"They have refused to hold the city liable for the acts of its police officers, although they are appointed by it, or for the acts and negligence of its agents and employes in charge of patients in a public hospital; for the misconduct of members of its fire department, or for the city's neglect to provide suitable engines or fire apparatus, or to keep in repair public cisterns or continue the supply of water to particular hydrants. The reason is that the hazard of pecuniary loss might prevent the corporation from assuming duties which, although not strictly corporate, nor essential to the corporate existence, largely subserve the public interest. The supplying water for the extinguishment of fires is precisely one of these acts which bring no profit to the corporation, but are eminently humanitarian. To hold a city responsible for the loss of a building, or of a whole street of houses, as sometimes happens, because it might be thought, or because in reality some of its indispensable agents had been negligent of their duty, might well frighten our municipal corporations from assuming the startling risk."

Plaintiff, however, undertakes to exempt this case from the operation of the general rule, upon the ground that a tax was especially levied to support

the fire department, and hence, there was an implied contract to furnish an efficient service for the extinguishment of fires and a corresponding liability on the part of the city for a breach of this duty. But, as is well argued, the health department, police department, the workhouse department, and others are supported by money raised for that purpose by taxation. In Chattanooga the expenses of the fire department are estimated each year in fixing the tax rate, just as the expenses of the police department are estimated.

The exemption from liability in this class of cases is rested upon the ground that powers of this nature conferred upon such corporations are public and governmental functions, and are not strictly corporate functions. The distinction may be a little metaphysical, and, at times, difficult of application, but it is well settled.

Judgment affirmed.