CHATTANOOGA *v.* REID.

(*Knoxville.* November 22, 1899.)

1. NUISANCE. *What constitutes.*

The owner of a town lot creates a public nuisance who conveys, by a private sewer, the garbage and water from a kitchen sink, with hydrant water, into a public alley, where they form a noxious pond in front of a neighbor's house. (*Post, p. 618.*)

Code construed: § 6869 (S.); § 5746 (M. & V.); § 4913 (T. & S.).

2. MUNICIPAL CORPORATIONS. *Abatement of nuisance.*

The failure or refusal of a city to abate or remove a public nuisance, caused by the collection of garbage and water from a private sewer into a noxious pond in a public alley, by the erection of a public sewer for that purpose, or by prosecution of the person creating the nuisance, does not render the city liable in damages to a citizen suffering injury from the nuisance. (*Post, pp. 618–624.*)

Cases cited and approved: Horton *v.* Mayor, 4 Lea, 47; Davis *v.* Knoxville, 90 Tenn., 601–603; McCrowell *v.* Mayor, 5 Lea, 688; Conelly *v.* Nashville, 100 Tenn., 265.

Cited and distinguished: Memphis *v.* Lasser, 9 Hum., 757; Nashville *v.* Brown, 9 Heis, 1; Niblett *v.* Nashville, 12 Heis., 684; Knoxville *v.* Bell, 12 Lea, 158; State *v.* Shelbyville, 4 Sneed, 177; State *v.* Barksdale, 5 Hum., 143.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

DICKEY & PEEPLES for Chattanooga.

COOKE, SWANEY & COOKE for Reid.

---

* The right to an injunction against a municipality for nuisance caused by a sewer, is the subject of a note to Atlanta *v.* Warnock (Ga.)., 23 L. R. A., 301.—REPORTER.

S. G. SHIELDS, Sp. J. This suit was brought by
Eugene Reid before a Justice of the Peace of Ham-
ilton County against the Mayor and Aldermen of
the city of Chattanooga, to recover $499 damages
"for injury to property at No. 21 Grove Street
Alley, resulting from an open sewer."

The facts upon which the plaintiff relies to
maintain this action are as follows: The plaintiff,
Reid, owns a house and lot on Grove street alley,
in the city of Chattanooga, which alley is a pub-
lic thoroughfare, and is under the control of the
defendant. One S. B. Strang owns a lot directly
across the alley from the plaintiff's property, and
abutting on the alley. Strang erected two houses
on his said lot, and constructed a sewer from the
rear of these houses to the line of his lot on
the alley. These houses were occupied by tenants
of Strang, and this sewer was used by them to
carry off the water from the hydrants and kitchen
sinks of these houses, and the kitchen refuse was
constantly poured into this sewer, and was dis-
charged from the property of Strang into Grove
street alley, directly in front of the plaintiff's
property. This water and refuse accumulated in a
pond about eighteen inches deep in front of plain-
tiff's property, and at times in the summer season
the odors and gases from this pond were very of-
fensive, and consequently very annoying to plaintiff's
family. This condition of affairs continued for
about three years, and after plaintiff had repeat-

edly notified the city authorities, and requested them to abate the nuisance. In the summer and fall of 1897 the plaintiff was compelled to remove from his residence on said property, and to remain away from it for four months, during which time he could not get a renter to occupy the property, because, as is clearly proven in the record, of the offensive odors and gases that arose from this pond.

The Justice of the Peace rendered a judgment in favor of the plaintiff for $100, and the defendant appealed to the Circuit Court. The case was tried in the Circuit Court before a jury, and resulted in a verdict of $300 in favor of the plaintiff, but a remittitur of $50 having been entered, a judgment was rendered against the defendant for $250. The defendant has appealed to this Court, and assigned errors.

The first assignment of error is that there is no evidence to support the verdict. The evidence is conclusive that the accumulation of garbage and greasy waters in Grove street alley, which came into the alley through a sewer on the private property of Strang, created a public nuisance, under Subsection 1 of Section 6869 of Shannon's Code, which declares it to be a public nuisance "to cause, or suffer, any offal, filth, or noisome substance to be collected or to remain in any place to the prejudice of others." If, therefore, a municipal corporation is answerable in damages to

an individual citizen for injuries to abutting property resulting in its failure to abate or prevent the continuance of this nuisance, the plaintiff is entitled to recover some damages in this case.

Upon these questions the trial Judge charged the jury as follows: "The city of Chattanooga, by its charter, has the power to make regulations to secure the general health of the inhabitants, and to prevent and prohibit nuisances, and the Court instructs you that if the proof shows that there was a nuisance in the street in front of the plaintiff's premises, it was the duty of the defendant city, under the powers conferred upon it by its charter, to remove and abate it, and a failure to do so would subject the defendant city to a criminal prosecution by indictment, and would also subject it to pay such damages as accrued to any individual by reason of its failure to perform the duties devolved upon it."

The defendant insists that the latter part of this charge is erroneous, and resulted in an unjust verdict and judgment against it. The criticism of the charge is, that, when applied to the facts of this case, it erroneously instructs the jury, in effect, that the city is liable in damages for a failure to build a sewer to carry off the garbage that is discharged into Grove street alley by this sewer on private property, or for its failure to prosecute Strang and his tenants for creating and keeping up the nuisance complained of. It is

earnestly insisted that there is no civil liability on the part of the defendant to a private citizen for its failure to perform these public duties.

It may be conceded, as is insisted by the plaintiff's . attorney, that municipal corporations are liable in civil actions for injuries to persons or their property when lawfully on, or passing over their streets, when the injury is occasioned by the corporation's negligence in failing to keep the streets in good repair, and free from obstructions, as was held in the cases of *Mayor and Aldermen of Memphis* v. *Lasser,* 9 Hum., 757; *Mayor and City Council of Nashville* v. *Brown,* 9 Heis., 1; *Nibblitt* v. *Mayor and City Council of Nashville,* 12 Heis., 684; *Mayor and Aldermen of Knoxville* v. *Bell,* 12 Lea, 158. It may also be conceded, as is further insisted, that where municipal corporations have the power to remove or abate a nuisance which is injurious to the health of its citizens, that it is answerable to the public at large, and may be indicted for permitting the nuisance within the corporate limits, or for failing to abate such a nuisance, as was held in the cases of *State* v. *Corporation of Shelbyville,* 4 Sneed, 177; *Barksdale* v. *State,* 5 Hum., 143. It may also be conceded that when a municipal corporation has constructed sewers it is in duty bound to keep them in good repair, and free from obstructions, and will be liable to a private citizen for any

damage directly resulting from its failure to do so, as was held in the case of *Horton* v. *Mayor and City Council of Nashville,* 4 Lea, 48. It is quite clear, however, that these principles are not controlling in the case under consideration.

The nuisance complained of in this case, as has already been stated, was created, and was being kept up by the daily and constant discharge into Grove street alley of garbage and sewage through this sewer on private property, and over which the city had no control. This accumulation of foul water and garbage, in so far as this record discloses, could only have been prevented by building a sewer to carry it off, or by taking appropriate measures, to stop Strang and his tenants from turning it into the alley.

It is a well-settled principle of law that a municipal corporation is not bound to build sewers, and that it is not responsible to a private citizen for failing to provide sewers for any part of its territory. The building of a public sewer by a municipal corporation is the exercise of a legislative discretion, and it is not responsible in a private action for its failure to exercise this discretion. *Horton* v. *Mayor and City Council,* 4 Lea, 47; *Mills* v. *City of Brooklyn,* 32 N. Y., 495; Dillon's Municipal Corporations (4th Ed.), Sec. 104.

It is equally as clear that the duty of the city to prevent Strang and his tenants from con-

tinuing to drain this foul water and garbage into the street, by prosecution or other appropriate remedy, in order to prevent a continuance of this nuisance, and to preserve the public health of the city, was a part of the general governmental or public duties of the corporation, and was a duty that it owed to the public at large and not to individuals. The creation of this nuisance by Strang and his tenants is made a misdemeanor by the general laws of the State (Shannon's Code, Sec. 6869), and while the power to abate nuisances is given the city by its charter, the duty to do so grows out of the power delegated to it to administer and enforce this general law of the State, and is essentially a public and not a local and special duty, and in its execution the city is deemed to be the agent of the sovereign power of the State, and is not subject to be sued by private persons for the torts of its agents in the exercise of these powers, or for their negligence in failing to execute them. *Davis* v. *Knoxville,* 6 Pick., 601--603; *McCrowell* v. *Mayor and Aldermen,* 5 Lea, 688, 689; Dillon's Municipal Corporations (4th Ed.), Secs. 951, 952; *Conelly* v. *Nashville,* 16 Pick., 265, 266.

Judge Dillon, in his standard work on Municipal Corporations, speaking of their liability to private citizens for failing to perform their public duties, says: "A failure by the corporation to exercise its charter power to abate nuisances not

rendering its streets unsafe, does not give a person who is injured by such failure a private action against the corporation, and, therefore, where a house in a city was destroyed by fire caused by sparks from an engine on the adjoining property, which was, by ordinance, a nuisance that the city might have abated, but which, after notice and request, it had neglected to abate, the city is not liable in damages for such nonaction and neglect to the owner of the house destroyed.

"Nor is a city liable to the plaintiff for the value of his house destroyed by the taking fire of a wooden building which the city permitted to be erected in violation of its ordinances. It has sometimes, indeed, been broadly declared that, in the absence of a statute giving it, an action at law for damages will not lie against a municipal corporation for failing to exercise its legislative functions or powers to the injury of private individuals, even where the duty of exercising them is imperative or mandatory." Dillon's Municipal Corporations (4th Ed.), Secs. 951, 952.

The rule governing cases like this is laid down in Sherman & Redfield on Negligence, in the following language: "Except in Maryland, and perhaps Pennsylvania, it is everywhere held that a public duty to make and enforce adequate laws for the prevention or abatement of nuisances injurious to the health, property, or person of the citizen is an imperfect obligation, and cannot be

enforced against the will of the State. The mere fact that a nuisance exists and has occasioned an injury to a third person, does not render the corporation liable therefor, provided the nuisance was not created or maintained by the corporation itself. Such failure to execute the law is neglect of a duty owing to the public, not to individuals." Sherman & Redfield on Negligence (5th Ed.), Sec. 262, pp. 487--489.

The right to proceed by criminal prosecution in the Courts of the State, or by other appropriate remedy against Strang and his tenants for creating and continuing this nuisance, was open to the plaintiff. For such unlawful conduct, resulting in special injury to the plaintiff, he must proceed by criminal prosecution, or look to Strang and his tenants for such civil remedy as the law will give him. It follows, therefore, that the charge of the Circuit Judge was erroneous, and the case will be reversed and remanded for a new trial.