MAYOR, ETC., OF KNOXVILLE *v.* KLASING.

(*Knoxville.*   September Term, 1903.)

1. **EVIDENCE.** Expert opinion of physician as to cause or origin of disease.

    From the very nature of the case, it must be a matter of expert opinion as to what is the cause or origin of disease, and the testimony of physicians is the most reliable evidence on that subject.   (*Post, p.* 137.)

2. **SAME.** Same. Sufficient to sustain action against city for sewer nuisance, when.   Case in judgment,

    The evidence of physicians, some of whom attended plaintiff, and others of whom examined the premises, showed that the foul air and gases generated by garbage dumped by the city into a sewer near plaintiff's residence were sufficient to cause plaintiff's sickness and were its origin, and that plaintiff had been seriously sick with a contagious fever, though whether it was miasmatic or typhoid, or both, there was some slight divergence of opinion.

    *Held*: The evidence was abundantly sufficient to sustain a verdict for damages on account of the city's negligence in the maintenance and operation of its sewers.   (*Post, p.* 137.)

3. **MUNICIPIAL CORPORATIONS.** Not bound to provide sewers, but liable for negligent construction or operation, when.

    While a municipality is not bound to build a sewer and the necessity therefor is to be determined in the exercise of its legislative functions, yet it is not privileged to commit a nuisance, and if, after a sewer is located, the municipality authorizes or with knowledge permits it to be so negligently constructed or operated as to become a nuisance detrimental to health and property, the municipality will be liable in a private action to the party injured.   (*Post, pp.* 137-139.)

Mayor, etc., Knoxville v. Klasing.

Cases cited and approved: State v. Barksdale, 5 Humph., 154; State v. Shelbyville, 4 Sneed, 177; Horton v. Mayor, 4 Lea, 48; Nashville v. Comar, 88 Tenn., 417; Chattanooga v. Dowling, 101 Tenn., 344; Johnson City v. Wolfe, 103 Tenn., 279; Chattanooga v. Reid, 103 Tenn., 621; Pierce v. Gibson Co., 107 Tenn., 233.

4. **SAME.** Same. Case in judgment.

The proof showed that the city authorities had directed garbage to be deposited in a sewer near plaintiff's residence, and that this created a nuisance, causing the sickness and depreciation of the property complained of. Upon these facts the trial judge was requested to charge in substance, that the operation of the sewer by the city was a governmental or legislative function for which it was not liable in a private action. (*Post, pp.* 136-139.)

*Held*: The refusal to charge as requested was not error because the facts make a case of liability against the city, even if the construction or providing of the sewer be held to be a legislative or governmental function. (*Post, p.* 139.)

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County.—Jos. W. SNEED, Judge.

J. W. CULTON, for City of Knoxville.

POWERS & BURROWS, for Klasing.

---

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action for damages for injuries to health and property claimed to be caused by defendant's negligence in maintaining and operating its sewerage system, resulting in the serious sickness of plaintiff, and a material depreciation in the value of his property. There was a trial before a jury, and a verdict and judgment for $750, and the city has appealed, and assigned, in substance, two errors: First, that there is no evidence to support the verdict; and, second, the refusal of the trial judge to charge, substantially, that the proper maintenance and operation of a sewerage system is a public or governmental function, and not merely a corporate one, and that no action will lie for negligence of the health department, or its health officers and agents, in keeping such sewerage system in a sanitary and healthy condition.

As to the first assignment, it appears that the plaintiff was seriously sick with a contagious fever. There is some slight difference between the doctors as to whether it was miasmatic or typhoid fever, or both. This difference is much less marked than is usual among medical men in their diagnosis of disease and its character, and in this respect is rather remarkable; but all the physicians agree that the foul air and gases generated by rubbish dumped by the city's agents into a manhole near plaintiff's premises, and used by the city's direction as a deposit for garbage, created a nuisance, and was sufficient to cause the sickness, and was its origin. The court charged the jury very plainly that they must

be satisfied that plaintiff's sickness was caused by this deposit of garbage and night soil, and that this was done by the agents of the city under its direction, or by its knowledge and consent, before he would be entitled to recover.

The evidence consists in the testimony of the physicians of plaintiff, who attended him in his sickness, and that of other physicians who visited the premises and examined them. It is, and from the nature of the case must be, a matter of expert opinion as to what is the cause or origin of disease, and the testimony of physicians is the most reliable evidence that can be had upon the subject. And while physicians may differ in their diagnosis of diseases, it is not a matter of great skill in many cases to determine the cause of sickness. We think there is an abundance of material and reliable evidence, upon which the jury could base their verdict in this case, as to both the sickness and damage to plaintiff's property as a home and residence.

The second assignment of error is the refusal of the trial judge to charge, substantially, that the operation of a sewer by a city is a governmental or legislative function and duty, and not one merely ministerial or corporate in its character. We think the law is well settled that a municipal corporation is not bound to build sewers, and is not responsible to a citizen for failing to provide sewers for any part of its territory. To determine whether a sewer is necessary, and its location and general plan, by a corporation, is the exercise of a

legislative function; and it is not responsible in a private action for its failure to exercise its discretion in establishing one. *Chattanooga* v. *Reid,* 103 Tenn., 621, 53 S. W., 937, and authorities there cited; 10 Am. & Eng. Ency. Law (2 Ed.), 240, and cases cited. But it will be liable if, after they are established, the city authorizes or with knowledge permits them to be so negligently constructed or operated by its agents as to become a nuisance detrimental to health and property. Id.; *State* v. *Shelbyville Corp.,* 4 Sneed, 177; *State* v. *Barksdale,* 5 Humph., 154; *Horton* v. *Mayor,* 4 Lea, 48, 40 Am. Rep., 1; *Nashville* v. *Comar,* 88 Tenn., 417, 12 S. W., 1027, 7 L. R. A., 465, 10 Am. & Eng. Ency. Law (2 Ed.), 239, 243, 245, 247-254. In *Chattanooga* v. *Dowling,* 101 Tenn., 344, 47 S. W., 700, it is said: "The authorities agree that a municipality, in pursuing a public work, is not privileged to commit a nuisance, to the special injury of the citizen; and, if it does, it must, as a private individual, respond to damages therefor." Citing authorities. The same principle is announced in *Johnson City* v. *Wolfe,* 103 Tenn., 279, 52 S. W., 991, where it is said that the rule that protects a municipal corporation from liability for the personal tort of its policeman does not apply if the policeman's act had the sanction of the city authorities. So, also, in *Pierce* v. *Gibson County,* 107 Tenn., 233, 64 S. W., 33, 55 L. R. A., 477, 89 Am. St. Rep., 946, it is said that it is well settled that a municipality or county, in the construction of a public work, is not privileged to commit a nuisance to

the special injury of the citizen, and for such act is liable as a private individual in damages, or it may be restrained by injunction.　Citing *Chattanooga* v. *Dowling*, 101 Tenn., 345, 47 S. W., 700; *Atlanta* v. *Warnock*, 23 L. R. A., 301, note.　In the latter case the facts are quite similar to the present one.

The proof in this case shows that the city authorized and directed the deposit of this garbage in the sewer near plaintiff's residence and that this created a nuisance caused the sickness and depreciation in property, and makes a case of liability against the city, even if the construction or providing of the sewer be held to be a legislative or governmental function.　It was not error, therefore, to refuse the request offered.

The judgment of the court below is affirmed, with costs.