CITY OF NASHVILLE *v.* J. C. S. MASON.

(*Nashville.*    December   Term,   1916).

1 MUNICIPAL CORPORATIONS.   Governmental powers.   Garbage collector.

Collection of garbage is a governmental duty for which a municipal corporation is not rendered liable by its employees' negligence, provided no nuisance is committed.  (*Post, pp.* 172; 173.)

Cases cited and approved: City of Denver v. Davis, 37 Colo., 370; Denver v. Porter, 126 Fed., 288; Missano v. New York, 160 N. Y., 123; Foster v. Water Company, 71 Tenn., 42; Irvine v. Chattanooga, 101 Tenn., 291; Chattanooga v. Reid, 103 Tenn., 616; Chattanooga v. Dowling, 101 Tenn., 342; Kolb v. Knoxville, 111 Tenn., 311; Knoxville v. Klasing, 111 Tenn., 134; Conelly v. Nashville, 100 Tenn., 262.

2. MUNICIPAL CORPORATIONS.   Governmental powers.   Nuisance.

A garbage dump, upon which large quantities of material were burned during a high wind, constituted a nuisance rendering the municipality liable, where the fire communicated itself to plaintiff's property.   (*Post, p.* 173.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County. —A. G. RUTHERFORD, Judge.

EWING & GARARD, for appellant.

TILLMAN & TILLMAN and B. D. SHRIVER, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This action was brought by Mason, the owner of a certain house, against the city for the destruction of the house by fire. There were verdict and judgment for plaintiff below, which was affirmed by the court of civil appeals. The city has filed a petition for *certiorari*, which has been granted, and the case argued at the bar.

The undisputed facts are, so far as need be stated, that the city maintains a garbage dump which is composed of paper, rags, paint, oil, sticks, brush, manure, ashes, and all refuse found upon the streets of the city and upon the premises of private persons. The city gathers up the refuse and hauls it to the dump and piles it up in one mass. The dump is situated one hundred or one hundred and fifty feet from the residence of plaintiff below, and was about thirty-five feet above the house that was destroyed. This dump was on fire, and had been on fire for more than a month preceding the accident. This fire at times would burn low, but when new deposits were put upon the dump, it would flash up. The dump was very large at the base and occupied considerable space. As stated, it was about thirty-five feet high. On the day that plaintiff's house was burned, there was a high wind blowing over the dump in the direction of plaintiff's house, and fire was communicated in this way.

The only question not decided by the verdict of the jury approved by the trial judge is the nature of the duties which the city performed in gathering up the garbage and piling it upon the dump and maintaining the dump. There are some cases whch hold that the action of the city in gathering up garbage and the like off the streets and the premises of private persons is a municipal act done by the city in the room and stead of property owners, and therefore it is liable for negligence as a private person. *City of Denver* v. *Davis,* 37 Colo., 370, 86 Pac., 1027, 6 L. R. A. (N. S.), 1013, 119 Am. St. Rep., 293, 11 Ann. Cas., 187; *Denver* v. *Porter,* 126 Fed., 288, 61 C. C. A., 168; *Missano* v. *New York,* 160 N. Y., 123, 54 N. E., 744.

In our own reports no case involving a city dump has been found, but in *Foster* v. *Water Company,* 3 Lea, 42, it was held that the city was not liable for the destruction of plaintiff's house by fire on account of the failure of the water company to furnish water while under contract with the city to do so. It was held in *Irvine* v. *Chattanooga,* 101 Tenn., 291, 47 S. W., 419, that the duty of the city to extinguish fires is a public and not a municipal one, and therefore an action would not lie against the city for negligence of its fire department not to respond to a fire call. In *Chattanooga* v. *Reid,* 103 Tenn., 616, 53 S. W., 93, it was held that the act of constructing a sewer was a governmental act, and therefore the city was not bound to build one. In *Chattanooga* v. *Dowling,*

101 Tenn., 342, 47 S. W., 700, it was held that the city cannot commit a nuisance in the discharge of a governmental duty, and in *Kolb* v. *Knoxville,* 111 Tenn., 311, 76 S. W., 823, and in *Knoxville* v. *Klasing,* 111 Tenn., 134, 76 S. W., 814, the same principal was announced. These latter cases held that the necessity of a sewer was a question for the exclusive determination of the city authorities in the exercise of a legislative or governmental function, and that no action would lie for failure to construct the sewer; but it was also held that the city would be liable, if the sewer was constructed, if done negligently and so as to commit a nuisance. In *Conelly* v. *Nashville,* 100 Tenn., 262, 46 S. W., 565, it was held that sprinkling the streets was a governmental function, and the city was therefore not liable for negligence of its employees while so doing.

Our cases have committed this court to the idea that governmental duties of a municipality are those in the discharge of which the municipality owes a duty to the public. If in the preservation of the public health, the public peace and order, and duties of that character, the city assumes to perform duties to that end, it does so in its capacity of a government, and not in its capacity of a private person. We think the gathering up off the streets and the premises of private persons of garbage. filth, and the like, the accumulation of which would menace the public health, is a governmental duty, and when the city authorities assume to discharge such

duty, the corporation is not liable for the negligence of its servants in so doing. But this statement must be qualified by the previous announcements of this court in the cases of *Kolb* v. *Knoxville,* and *Knoxville* v. *Klasing,* supra, to the effect that although in the discharge of a governmental duty it must not commit a nuisance.

The declaration charged that ''plaintiff was damaged by the careless, reckless, and negligent conduct of defendant, its officers, agents, and servants, in recklessly piling upon a burning heap great quantities of highly combustible matter and leaving it in this dangerous condition.'' This averment is equivalent in law to an averment that the garbage dump is a nuisance; that the city is maintaining a nuisance in the manner in which it maintains the garbage dump. We think that a pile of garbage, such as this, left to burn at will during a high wind, was a nuisance and a menace to the plaintiff's enjoyment of his property rights. The city was without right to do this. The result is that the court of civil appeals is affirmed.