CITY OF KNOXVILLE *v.* ARTHUR LIVELY.*

(*Knoxville.*   September Term, 1918.)

1. **DAMAGES.**   Excessive damages.   Personal injury.

Where a street car conductor was knocked from the running board of his car to the paved street by striking a negligently placed road roller, and so injured that he remained unconscious until after reaching hospital, where he remained seven days, and was unable to work for some days thereafter, but was paid wages by his employer for lost time, a judgment against the city for $500 was not excessive.   (*Post, pp.* 26, 27.)

2. **MUNICIPAL CORPORATIONS.**   Streets.   Obstructions.   Personal injury.   Evidence.

Evidence, in an action by a street car conductor against a city for personal injuries resulting from negligent obstruction of street by a road roller, *held* sufficient to support a verdict for plaintiff. (*Post, pp.* 26, 27.)

3. **MUNICIPAL CORPORATIONS.**   Streets.   Obstructions.   Liability for personal injury.

Where the distance from curb to nearest street car rail was ten feet six inches, and a road roller six feet wide was unnecessarily placed three and one-half feet from curb to fill boiler with water, and the rollers fender was so close as to strike a conductor standing on the running board of his car, the city is liable for personal injury resulting therefrom.   (*Post, pp.* 27, 28.)

4. **MUNICIPAL CORPORATIONS.**   Streets.   Obstructions.   Personal injury.   Contributory negligence   Evidence.

Evidence *held* not to sustain defendant city's contention that plaintiff conductor, necessarily standing on the running board of his street

---

*On excessiveness of verdicts in suits for damages for personal injuries, see note in 14 L. R. A., 677; L. R. A., 1915F, 30.

On the question of contributory negligence as affecting liability of municipal corporation for defects or obstructions in street, see notes in 21 L. R. A. (N. S.), 614, 48 L. R. A. (N. S.), 628.

City of Knoxville v. Lively.

car collecting fares, when struck and injured by a city's negligently placed road roller, was guilty of contributory negligence. (*Post, pp.* 27, 28.)

Cases cited and approved: Conelly v. Nashville, 100 Tenn., 262; Foster v. Water Co., 71 Tenn., 42; Irvine v. Chattanooga, 101 Tenn., 291; Chattanooga v. Reid, 103 Tenn., 616; Chattanooga v. Dowling, 101 Tenn., 343; Kolb v. Knoxville, 111 Tenn., 311; Knoxville v. Klasing, 111 Tenn., 134; City of Nashville v. Mason, 137 Tenn., 169.

5. **TRIAL.** Instructions. Refusal to instruct. Instructions already given.

Requested charge, covered by instructions given, is properly refused. (*Post, pp.* 28-30.)

6. **MUNICIPAL CORPORATIONS.** Trial. Streets. Obstructions. Personal injury  Contributory negligence. Instructions.

In action against city by a street car conductor, injured by being struck by a road roller left standing too close to passing street cars, an instruction on contributory negligence, in not seeing the roller, *held* properly refused, as confusing because containing too many different suppositions of cumulative facts. (*Post, pp.* 30, 31.)

7. **MUNICIPAL CORPORATIONS.** Streets. Obstructions. Duty of a street car conductor.

A street car conductor, standing on the running board of his car collecting fares and discharging passengers, is not bound to keep a constant lookout to escape from a nuisance in the form of a dangerous street obstruction. (*Post, pp.* 30, 31.)

8. **MUNICIPAL CORPORATIONS.** Negligence of servants. Liability. Performance of strictly governmental duties.

The rule that a city is not liable for its employees' negligence in handling tools and applicances in the performance of a strictly governmental duty does not relieve the city where such instrumentalities are so used as to constitute a temporary or permanent nuisance. (*Post, pp.* 31, 32.)

City of Knoxville v. Lively.

### FROM KNOX.

Appeal from the Circuit -Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. VON A. HUFFAKER, Judge.

J. PIKE POWERS, JR., City Attorney, for City of Knoxville.

F. E. LAUGHEAD, for appellee.

MR. Cox, Special Justice, delivered the opinion of the Court.

This is an action for damages for personal injuries. At the time of the injury, Lively was working as conductor on one of the street cars of the Knoxville Railway & Light Company, in the city of Knoxville. Two cars were connected, the rear one being designated and known as a trailer. The motorman was on the front car, and Lively was the conductor on the rear car, or trailer; the latter being an open, summer car, with running boards on each side. There was a picnic at Fountain City on the date of the injury in question, toward which the cars in question were headed, and the cars were crowded with passengers. Lively was on the running board of the street car, collecting fares, when he was knocked from the car by a road roller belonging to the city of Knoxville, and which had been left by its

agent standing too near the track of the street railway company.

It appears that the road roller was a large ten-ton roller, and that Lively was struck by a thin piece of metal attached to the same, referred to as the mud-guard or mud-scraper, and which protruded beyond the wheel of the roller about six inches. The employee of the city of Knoxville who was in charge of the roller had placed the same in the position above described in order to fill the boiler of same with water from a fire plug by means of a wire hose. The injury occurred on Broadway, and the distance from the curb on that street to the nearest rail of the street car track was ten feet six inches. The width of the road roller was about six feet. It therefore appears that the roller was three and one-half feet from the curb, and constituted an obstruction to the street car track to the extent that the mud-guard would strike any one who might be upon the running board of a passing street car. It also appears that the road roller could have been supplied with water at another place, a short distance away, where it would not have obstructed the street car track. The street car had made a stop at the crossing below where the injury occurred, and Lively was collecting fares from the passengers who embarked at the last stop. He was busy collecting fares and did not see the road roller, and was knocked from the car, having been struck in the side, or back, by the mud-guard. He was rendered unconscious, and did not regain consciousness until after he had reached the hospital. He did not know at the time what struck him. One of the witnesses to the accident testified that when Lively was struck he was

jerked suddenly from the car, and that his body turned completely over and struck the bitulithic pavement. The car was running at about six miles per hour. After Lively had remained at the hospital for seven days, and some time thereafter, he returned to the office of the street railway, and there signed a statement in which he released the latter company from any claim as against it, and received from the latter a check for $18, being the amount of his wages during the time he was absent from his work. In the statement which he signed he stated, among other things, the following: "I am well enough to report for work on June the 19th."

Upon the trial of the case in the circuit court the jury found in favor of plaintiff below, and awarded him $500 damages. The circuit judge overruled the motion of the city for a new trial, and upon appeal the court of civil appeals affirmed the judgment of the court below. The plaintiff in error has removed the case to this court upon petition for *certiorari*, and has assigned errors, five in number.

The first assignment is the usual one that there is no evidence to support the verdict; the second, that the amount of the recovery is excessive; and the fifth, that the facts do not show negligence upon the part of the city. The third and fourth assignments are directed to the action of the circuit judge in refusing to make certain special charges to the jury which were requested by the plaintiff in error.

The amount of the damages is fully justified by the facts in the case. The charge of the court upon the question was full and correct. This was a question of fact for the jury to decide, and we think their finding is

fully justified from the facts before them.   The second assignment of error is therefore overruled.

It has been held by this court that a municipality is not liable for injuries occurring by reason of the negligence of its employees in the performance of a governmental function; that is, the performance of some duty which the city owes to the public.   Thus, in *Connelly* v. *Nashville,* 100 Tenn., 262, 46 S. W., 565, it was held that sprinkling the streets was a governmental function, and the city was not liable for the negligence of its employees in operating a street sprinkler.   In *Foster* v. *Water Co.,* 3 Lea, 42, it was held that the city was not liable for the water company's failure to perform its duty under a contract with the city and whose negligence caused the destruction by fire of the house of a citizen. See, also, *Irvine v. Chattanooga,* 101 Tenn., 291, 47 S. W., 419.   In *Chattanooga* v. *Reid,* 103 Tenn., 616, 53 S. W., 93, the construction of a sewer was held to be a governmental act.   But in the following cases it has been held that, even though the act be of a governmental nature, the city cannot commit a nuisance in the discharge of such a duty, and, if it does, it is liable for damages resulting therefrom. *Chattanooga* v. *Dowling,* 101 Tenn., 343, 47 S. W., 700; *Kolb* v. *Knoxville,* 111 Tenn., 311, 76 S. W., 823; *Knoxville* v. *Klasing,* 111 Tenn., 134, 76 S. W., 814; *City of Nashville* v. *Mason,* 137 Tenn., 169, 192 S. W., 915, L. R. A., 1917D, 914.

We think the placing of this ten-ton road roller upon the street so close to the street car track that it was apparent to any one of reasonable and ordinarily prudence that it thus constituted a dangerous obstruction to passengers and employees upon passing street cars

was a temporary nuisance. It was absolutely necessary that the conductor be on the running board, and, from the nature of his duties, he could not be on the constant lookout for such obstructions and dangerous instrumentalities. Two of the witnesses to the injury say that Lively, at the time the mud-guard struck him, was in the act of collecting fares, and was reaching inside the car to receive the fares. The inference is therefore warranted that his side or back was toward the street on which the road roller was standing. One witness states that he saw Lively a moment or so before the injury, and that he was walking along the running board, swinging in and out, as the necessity of this movement requires in reaching from one handle-bar of the car to the other; but he says he did not see Lively at the time he was struck by the mud-guard of the road roller. The two other witnesses state that they were looking at Lively at the very time he was struck. Therefore there could be no possible evidence upon which to base the contention of the city that the defendant in error was himself negligent or that his body was extending from the car.

The act of the plaintiff in error in leaving this obstruction on the street constituted more than ordinary negligence—it was the permitting of a temporary nuisance to exist. For the injury which resulted to defendant in error therefrom he is entitled to recover damages. Therefore the first and fifth assignments of error are overruled.

The third and fourth assignments of error are based upon the refusal of the trial judge to give in charge

to the jury two special requests made by plaintiff in error. They are:

(1) "The jury may consider any oral or written statements of the plaintiff made to the Knoxville Railway & Light Company on June 18, 1912, if any, so far as it relates to the nature and extent of his injuries, or his state of health on that date, in determining the question of his injury or recovery therefrom."

(2) "If the jury believes that the plaintiff leaned out backwards over the street and was injured, and that the car had slowed up in the middle of the block to pass the road roller, and that he could have seen the road roller, and that under such circumstances a person of ordinary care and prudence would have looked, and the plaintiff did not look, then you would consider these facts in determining whether or not plaintiff was negligent."

We think the circuit judge properly refused to give these special charges to the jury. On the other hand, the giving of same would have constituted error, under the facts of this case. The circuit judge fully and correctly charged the jury concerning the weight to be given to the testimony of witnesses, as to contradictory statements, etc., as well as the degree of care required of an ordinarily prudent man under similar circumstances. As to the statement made to the Railway & Light Company, above referred to, viz. "I am well enough to report for work on June the 19th," plaintiff below testified that he thought when he made the statement he would be well enough to report for work at the time mentioned, but the real nature and extent of his injuries also were shown in the proof. This statement was but a circum-

stance or fact to be taken into consideration, together with the other testimony in the case, relative to the elements of damage, the extent of the injury and suffering of plaintiff below, etc., and the matter was fully covered by the general charge of the court.

The same is true as to the second request above quoted. It is not a proper charge, under the facts of this case, because there is no evidence to show that Lively was in any way negligent at the time he was struck by the protruding mud-guard of the road roller. The request is too much involved; contains too many different suppositions of cumulative facts. It would have tended to confuse the jury. It is too narrow in its scope, is not in proper form, and would have been unfair and prejudicial to the rights of plaintiff below. Moreover, under the particular facts of this case, we think it is immaterial as to whether Lively was moving along the running board, his body alternately extending toward the street to some extent, or whether he was leaning toward the inside of the car in the act of collecting fares. In either event, he was in the discharge of his duties, at the only place upon the car where he could properly discharge them, and the very nature of his duties as conductor were such that it would be highly impracticable and unreasonable to expect him to be constantly looking forward in nervous fear of, and escape from, injury from a nuisance in the form of a dangerous obstruction upon the street. Much has been said about whether or not Lively could have seen the road roller for some distance before the car reached the point where the roller was located. The car was going down grade at the point, and the injury hap-

pened in the daytime.  As we have stated before, on account of the picnic at Fountain City, and the consequent congestion of passengers on the car, Lively was constantly employed in attending to his duties in the taking on and discharging of passengers and collecting the fares.  To expect him to be looking ahead in avoidance of such an obstruction upon the street would be to require of him an extraordinary precaution, and one which would involve a neglect of his duties.  There is nothing to show that his attention was called to the obstruction or that he knew of its presence.  There was nothing to put him upon notice of the obstruction. It is true the motorman decreased the speed of the car in passing, and the latter says he looked back and saw no one upon the running board.  We think, however, that this but lends weight to the conclusion that Lively was leaning toward the inside of the car in the act of reaching in and collecting fares, and that this was the reason the motorman did not, and possibly could not, see Lively on the running board of the second car.  Also it appears from the proof that, even if the road roller had been seen, the instrumentality of danger was the mud-guard, extending, as it did, from the road roller some six inches. This was what struck defendant in error and knocked him from the car, and it is doubtful from the proof whether it could have been seen, or the danger of its position realized, until too late.

For the negligence of its employees in the use and operation of its tools and appliances, in the performance of a strictly governmental duty, a city is not liable for injuries occasioned thereby; but when such instrumentalities are so used and employed as to constitute

nuisances, whether temporary or permanent, the city is liable.

The third and fourth assignments of error are also overruled, and the decree of the court of civil appeals is affirmed.