Allen *v.* Goodwin.

ALLEN *v.* GOODWIN.

## (*Nashville.* March 11, 1893.)

1. MASTER AND SERVANT. *Master's liability for superior's negligence resulting in injury to inferior fellow-servant.*

   The master is not liable for the personal negligence, but only for the official negligence of his superior servant, causing injury to an inferior fellow-servant. Superiority in rank of the negligent over the injured servant, does not, in such case, fix the master's liability, but "in order to charge the master with such negligence, the superior servant must so far stand in the place of the master as to be charged, in the particular matter, with the performance of a duty toward the inferior servant, which, under the law, the master owes that servant."

   Cases cited and approved: Fox *v.* Sandford, 4 Sneed, 36; Railroad *v.* Elliott, 1 Cold., 611; Railroad *v.* Wheless, 10 Lea, 741; Railroad *v.* Rush, 15 Lea, 151; Railroad *v.* Handman, 13 Lea, 423; Railroad *v.* Lahr, 86 Tenn., 340; Coal Creek M. & M. Co. *v.* Davis, 90 Tenn., 711.

2. SAME. *Same. Erroneous charge.*

   A proper charge, upon the facts of this case, should have stated the distinction, as regards the master's liability for injuries resulting to an inferior servant, between personal and official negligence of a superior servant. The charge given ignored this distinction, and was calculated to mislead the jury into the belief that the master was liable to an inferior servant for the results of the personal negligence of his superior fellow-servant. *Held:* This was error, even in the absence of any requests for a fuller exposition of the law.

   Cases cited and approved: Fox *v.* Sandford, 4 Sneed, 36; Railroad *v.* Rush, 25 Lea, 151.

3. SAME. *Same.*

   The master will not be liable for injury resulting to his servant from negligence of an alleged superior servant, unless the negligent servant was in fact the superior of the injured fellow-servant at the time.

25—8 P

It will not suffice that the injured servant believed the negligent servant to be his superior, if no such relation existed in fact by the master's appointment.

FROM MAURY.

Appeal in error from Circuit Court of Maury County. E. D. PATTERSON, J.

FUSSELL & WILKES for Allen.

VOORHEIS & FOWLER and SAM HOLDING for Goodwin.

WILKES, J. The plaintiff, a minor, by next friend, sued the defendant for damages for a physical injury received while in defendant's employ.

It is charged that the injury was the result of the negligence of one Gallagher, who, it is alleged, was foreman for defendant in the erection of certain United States arsenal buildings at Columbia, Tennessee, in 1891. The case was tried before a jury, and verdict was given for $250 damages, upon which judgment was entered, and an appeal is prayed to this Court by defendant.

Many errors are assigned, but we deem it unnecessary to pass upon them all.

The injury was inflicted under the following circumstances: Plaintiff was engaged in dressing a stone pilaster in the building, and was standing

upon a platform about twenty feet from the ground. Gallagher was working above him, near the cornice, trimming a hole in the stone, and fitting in the same a piece of pipe. This piece of the pipe, about two feet long and five inches in diameter, fell through the hole upon the plaintiff, striking him on the bridge of the nose, cutting through it and extending downward, causing a permanent scar and disfigurement of the face. Under the facts in this case, we think there is error in the Court in not charging the jury properly and fully as to the distinction between the personal negligence of Gallagher and his negligence in a matter in which he stood in the place of and represented the master as his vice principal—in other words, between personal and official negligence. The mere fact that an injury results from the negligence of a servant superior in rank to the injured servant does not render the master liable, but, in order to charge the master with such negligence, the superior servant must so far stand in the place of the master as to be charged in the particular matter with the performance of a duty towards the inferior servant, which, under the law, the master owes that servant. *Fox* v. *Sandford*, 4 Sneed, 36; *N. & C. R. R.* v. *Elliott*, 1 Cold., 611; *N. C., & St. L. R. R.* v. *Wheless*, 10 Lea, 741; *Railroad Co.* v. *Rush*, 15 Lea, 151; *Railroad Co.* v. *Handman*, 13 Lea, 423; *Railroad Co.* v. *Lahr*, 2 Pickle, 340; *Coal Creek Mining Co.* v. *Davis*, 6 Pickle, 711.

In *Coal Creek Mining Co.* v. *Davis*, 6 Pick., 718, this Court said:

" When there is proof tending to show negligence of a superior servant, whereby an inferior servant has been injured, the jury should be instructed that the mere superiority of grade or rank will not determine the liability of the common employer, but that they must look and see whether the negligence was in regard to some duty to the inferior imposed by law upon the master, and by the master intrusted to the negligent superior servant."

It is true the defendant in this case did not ask for more specific instructions in regard to this distinction so well recognized in the cases, but so difficult to apply, and ordinarily such failure would constitute a waiver and bar to assigning the same as error; but on looking to the charge as a whole, we think it was calculated to mislead the jury into believing that if Gallagher was foreman for defendant, and pointed out to plaintiff the work to be done by him, therefore he was the vice-principal, and the master would be liable for his acts of negligence.

A foreman is one who takes the lead in the work, and may or may not have authority over his fellow-workmen, and, because he takes this lead and points out the work to be done, it does not necessarily follow that he stands in the place of the master.

The case of *Fox* v. *Sandford*, 4 Sneed, 36, illus-

trates this distinction. In that case Sandford and Fox were both employed in the construction of a building, and Sandford was "foreman" of the job. The injury resulted from his negligence, but the Court held the common master not liable, because Fox and Sandford were fellow-servants engaged in the same employment under one master. It is well to note that in that case, although the master was not held liable, the foreman was so held.

In *Railroad Co.* v. *Rush*, 15 Lea, 151, the Court says: "Several servants of different grades, when employed in a common service—as an engineer and fireman, *foreman of a job and common laborer*—are fellow-servants. The mere fact that the negligent servant is, in his grade of employment, superior to the servant injured does not render the master liable."

The important point is not what name he bears, but what authority does he have.

The Court also charged the jury that if the plaintiff had reasonable grounds to believe that Gallagher was foreman, and that he was obeying his orders as such, and that he had received no information that Gallagher had ceased to be foreman, then for the purposes of the suit he must be considered as foreman, even though as matter of fact he may have been discharged in the absence of plaintiff and without his knowledge, and was not such foreman at the time the injury occurred. This also is error. Gallagher must not only have been "foreman" in fact at the time,

but he must have been so in the sense of being a vice-principal, and standing in the place of the master.

For these reasons the judgment is reversed and cause remanded.