FRANK KOLB *v.* MAYOR AND ALDERMEN OF KNOXVILLE.

(*Knoxville.* September Term, 1903.)

1. **VERDICT.** Not supported by the evidence; case in judgment.

There is no evidence to support the verdict of the jury in favor of the defendant, and the supreme court will grant a new trial, where the evidence shows beyond any sort of doubt that a certain sewer with perforated top, situated from fifty to seventy-five feet from plaintiff's house, was used, under license of the defendant city, for the purpose of dumping garbage and all kinds of filth into it, from which foul vapors were emitted, making the life of the plaintiff and his family most uncomfortable, and at times rendering the occupation of his house almost unbearable, for the plaintiff is entitled to some damages in an action therefor against such city. (*Post, pp.* 314-315, 317-318.)

2. **SAME.** Supported by evidence upon a particular point.

Noisome vapors emitted from a perforated sewer manhole tend to produce sickness, but will not produce typhoid fever, though a fever is produced by sewer gas which so closely resembles typhoid fever that sometimes they are scarcely distinguishable. It is impossible to say that there is no evidence to support the verdict in favor of the city upon this particular point, the evidence showing the sickness to be typhoid fever. (*Post, p.* 317.)

3. **NUISANCES.** Accumulations of garbage and filth are, when; and not to be permitted.

The accumulations of garbage, and all kinds of filth, night soil, etc., are in their very nature nuisances, when not properly cared for or disposed of. No one has the right to contaminate the air with foul vapors. (*Post, p.* 315.)

Cases cited and approved: Pierce v. Gibson Co., 107 Tenn., 224; Seymour v. Cummins (Ind.), 21 N. E., 549, 5 L. R. A., 126;

Atlanta v. Warnock (Ga.), 18 S. E., 135, 23 L. R. A., 301, 44 Am. St. Rep., 17.

**4. SAME. For injuries to health or enjoyment of property.**

It is an actionable nuisance to pollute and unwarrantably impregnate the atmosphere with noxious or offensive effluvia, gases, stenches, or vapors so as to produce material discomfort and annoyance, or injury to health, or the enjoyment of property. (*Post, pp.* 316-317.)

Case cited and approved: Ducktown Sulphur, Copper & Iron Co. v. Barnes (Tenn.), 60 S. W., 593.

**5. MUNICIPAL CORPORATIONS. Must not create nuisances with its sewer manholes.**

Sewer manholes with perforated tops can not be maintained by a city, unless they are so distributed and so managed as not to emit foul vapors in such quantities as to prove a serious discomfort to the people living in the neighborhood. The city must not create a nuisance. (*Post, p.* 316.)

**6. SAME. Same. And must not permit others to create nuisances with its sewer manholes.**

A city can not escape liability for a nuisance created by the dumping of garbage, filth, night soil, etc., in its perforated sewer manholes, because such stuff was not dumped there by the city itself, but by certain persons licensed by the city to do so. The city itself can not maintain such nuisance, and it can not authorize others to do so. (*Post, p.* 316.)

**7. SAME. Not liable for condition of wagons of licensed haulers of refuse; charge of court.**

Where a city authorizes certain persons not in its employment, but in the employment of various people about the city, to haul and dump refuse into a certain manhole in a sewer, on condition

Kolb v. Knoxville.

that wagons of a certain description, with closed tops, or barrels with screw tops should be used, the city is not liable for the condition in which the wagons are kept. There is no error in the charge of the court so instructing the jury. (*Post, pp.* 319-320.)

8. **CHARGE OF COURT.** Excluding injuries after suit was commenced; summons and not bond fixes date, when.

There is no error in the charge of the court excluding from the consideration of the jury any injury that occurred after the month of October where the summons is not in the record on appeal, and the plaintiff testifies that his suit was commenced in October, although the prosecution bond is dated November the seventh. (*Post, p.* 318.)

9. **EVIDENCE.** Of what physicians said caused sickness is inadmissible, because mere hearsay.

In an action for a nuisance maintained near plaintiff's premises, his testimony of what the attending physician said caused his wife's illness is properly rejected, because this is a matter of mere hearsay. (*Post, p.* 318.)

10. **SAME.** As to condition of sewers or flushing tanks when complaints were made is admissible.

In an action against a city for maintaining, permitting, or suffering a nuisance by the improper use of its sewers, it is error to sustain an objection to a question put to the health officer of the city as to whether the sewers or the flushing tanks were out of repair about the time plaintiff made complaint to him. (*Post, p.* 319.)

11. **SAME.** Complaints of persons other than plaintiff are not admissible, when.

In such case, there is no error in sustaining an objection to a question as to whether other people who resided in the neighborhood had complained that the sewers were not properly flushed. (*Post, p.* 319.)

FROM KNOX.

Appeal from Circuit Court of Knox County.—JOSEPH
W. SNEED, Judge.

POWERS & BURROWS, for Kolb.

J. W. CULTON, for Knoxville.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought to recover damages by reason
of the city maintaining six or seven drains having man-
holes with perforated tops, in the neighborhood of the
plaintiff's dwelling, whereby it is alleged noisome
vapors were emitted and carried by the air into the
house of the plaintiff, injuring valuable property, mak-
ing his life uncomfortable and that of his family; and
it is further alleged that by reason of the maintaining
of these sewers by the city and the dumping of garbage
into them, and the effluvia arising therefrom, the above
injuries were caused; and also, as special damages, that·
the plaintiff's wife was made ill and confined to the bed,
and her services thereby lost to the plaintiff.   The trial
in the court below resulted in favor of the defendant,
and the plaintiff has appealed and assigned errors.

The first error assigned is that there is no evidence
to support the verdict of the jury.   We think this as-

Kolb v. Knoxville.

signment is well taken and should be sustained. The evidence leaves it beyond any sort of doubt that a certain sewer with perforated top, situated from fifty to seventy-five feet west of plaintiff's house, was used for the purpose of dumping garbage and all kinds of filth, night soil, etc., into and that from this source the foul vapors complained of were emitted, and that they made the life of the plaintiff and his family most uncomfortable, and at times rendered the occupation of the house almost unbearable. There is really no evidence to the contrary. There is testimony by witness McGuire that pits on the lots of some negroes near by were in bad condition, but there can be no doubt under the testimony that the effluvia complained of came from the manhole to the west of plaintiff's house. This is sufficient to enable the plaintiff to maintain his action for some damages, leaving out of consideration all question concerning the illness of his wife, of which we shall speak presently.

Accumulations of garbage, filth, and dirt of the kind concerning which the witnesses testify in this case, are in their very nature nuisances, when not properly cared for or disposed of. No one has the right to contaminate the air with foul vapors. *City of Seymour* v. *Cummins* (Ind.), 21 N. E., 549, 5 L. R. A., 126; Wood on Nuis., vol. 2, pp. 756-759. See, also, *Pierce* v. *Gibson Co.*, 107 Tenn., 224, 64 S. W., 33, 55 L. R. A., 477, 89 Am. St. Rep., 946; *Atlanta* v. *Warnock* (Ga.), 18 S. E., 135, 23 L. R. A., 301, 44 Am. St. Rep., 17.

We do not say that the city cannot maintain its sewer manholes with perforated tops, but if they are maintained they must be so distributed and so managed as not to emit foul vapors in such quantities as that they will prove a serious discomfort to people living in the neighborhood.

It is insisted that the city is not liable because the refuse stuff poured into the sewer above mentioned was dumped there, not by the city itself, but by certain persons whom the city had licensed to use the sewer in that way. The city cannot escape in this manner. If it licensed its property to be used for the purpose indicated, that is, for the dumping of night soil into it, it must see to it that those who use it take such precautions that the use will not be made a nuisance. This is bound to be so on principle. The city itself could not maintain such a nuisance, and, if it could not, it clearly has no power to authorize other people to do the same thing. See Wood on Nuisances, vol. 1, p. 666, vol. 2, p. 1000; 2 Dillon on Mun. Corp. section 1048, note.

The pollution of the atmosphere with noxious or offensive effluvia, gases, stenches, or vapors, thereby producing material discomfort and annoyance, or injury to health or the enjoyment of property, is such an invasion of a right as to create a nuisance. 16 A. & E. Enc. (1 Ed.), p. 952.

An unwarranted impregnation of the atmosphere to the detriment of another by such offensive odors and smells is an actionable nuisance. Wood on Nuisances,

vol. 1, p. 677.   This is true, even if it is a mere physical annoyance to the use of the property (Wood on Nuisances, vol. 2, p. 759) ; and for a stronger reason, if health is impaired by the poisoning of the atmosphere and generation of disease (*Ducktown Sulphur, etc., Co.* v. *Barnes* (Tenn.), 60 S. W., 593).

It is clearly proven in this case that the noisome vapors emitted from the sewer to the west of plaintiff's house are of such a character as tend to produce sickness.   If the case stood alone upon the injury alleged to have been inflicted upon the wife, we could not say that there was no evidence to sustain the verdict; because it appears that she had typhoid fever, and that that disease is not produced by vapors, but is produced by something taken into the mouth.   It is true that the medical experts who testify say that a fever is produced by sewer gas, which so closely resembles typhoid fever that sometimes they are scarcely distinguishable; still, even with this view of the case, it would be impossible to say that the sewer gas produced the fever.   Under the description of the case given by the medical men, it may have been a fever produced by sewer gas, or it may have been produced by some independent cause. Under these circumstances, it is impossible for us to say that there is no evidence to support the verdict upon this particular point; yet the evidence is so full and so conclusive on the other branch of the damages that we are constrained to hold that there is no evidence to sustain the verdict as a whole; that is, it is clear, under

the testimony, that the plaintiff was entitled to some damages, even though they may have been small.

The second assignment of error is to that portion of the judge's charge in which he in substance excluded from the consideration of the jury any injuries that occurred after the month of October, 1901. The point of objection is that, as insisted by the plaintiff, the suit was begun on the seventh day of November, 1901. There is nothing, however, in the record to sustain this contention, except a prosecution bond. The summons itself is not in the record, and Mr. Kolb testifies that his suit was begun in October. Under these circumstances we are of the opinion that there was no error in the charge of the circuit judge upon the point referred to. We cannot say that the suit was begun in November, from the face of the bond referred to. This may have been executed after the suit was begun. Certainly, in the absence of the summons itself, we cannot say, in the face of Mr. Kolb's own testimony, that the suit was begun after October. This assignment must also be overruled.

The third assignment is too general, and need not be noticed.

The fourth assignment of error is to the effect that the court erred in rejecting the testimony of the plaintiff, when asked what Dr. Oppenheimer, the attending physician of the plaintiff's wife, said caused her illness. This was a matter of mere hearsay, and was properly rejected, and the assignment must be overruled.

The fifth assignment is based upon the following question, which was asked the health officer of the city: "Q. Were those sewers out of repair, or were the flushing tanks out of repair, about the time of these complaints?" This was objected to by the defendant, and the objection sustained. Error was assigned upon this action of the court. We think the assignment is well taken. The complaints referred to were made by Mr. Kolb to the health officer before the suit was begun. It was a material matter to prove that the flushing apparatus of the city was out of order.

The sixth assignment of error is based upon the following question asked witness Reuben L. Cates: "Q. Was any complaint made to you by any people who resided in that neighborhood that the sewers down there were not properly flushed?" On objection of the city, this question was overruled, and we think properly. This was not a proper method of proving that the plaintiff himself was injured by the sewer in question.

The seventh assignment is based upon the following portion of the judge's charge: "If you shall be of the opinion that such odors, smells, and other things detrimental to the health of the plaintiff were caused by the unsanitary condition of wagons used by other parties who were not in the employ of the city, and with whom the city had no connection, why, then, there could be no recovery in this case on that account, and it would be your duty to so find." The basis of fact on which this portion of the judge's charge rests was that the city

Kolb v. Knoxville.

had authorized one Showalters and another, who were private persons, and in the employ of various people about the city, to dump refuse into the manhole above referred to. In other words, these people were not in the employ of the city at all, but were simply given permission to dump the refuse into the manhole. As a condition of granting the license or continuing it, the city required that wagons of a certain description, that is, with closed tops or barrels with screw tops, should be used. Under these circumstances the city would not be liable for the condition in which the wagons were kept by Showalters and his companion.

For the errors referred to in the first and fifth assignments of error, the judgment of the court below must be reversed, and the cause remanded for a new trial.