JACOB PUSHCART v. NEW YORK SHIPBUILDING COMPANY.

Submitted March 23, 1911—Decided October 8, 1911.

1. It is the duty of the master to provide for the use of the servant tools which are reasonably safe and fit for the purpose to which they are to be applied.
2. Where a servant seeks to recover from his master for an injury caused by reason of a defect in a tool furnished by the master, good pleading requires that the declaration shall so specify the character of the defect as to reasonably apprise the master of the case to be made against him. Such lack of certainty, however, although affording sufficient ground for striking out the declaration on motion, cannot be taken advantage of on general demurrer.
3. When the defect in a tool used by the servant is obvious, the servant who uses it assumes the obvious risk of danger to himself, but he cannot assume an obvious risk in such case for a fellow servant who does not know of the defect or danger.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the plaintiff, *Wescott & Wescott.*

For the defendant, *Gaskill & Gaskill.*

The opinion of the court was delivered by

TRENCHARD, J. The declaration demurred to avers in effect that the plaintiff was employed by the defendant at its plant as a common laborer; that the defendant placed upon its floor a bar of iron and directed the plaintiff to stand on one side thereof and hold against it a tool for the purpose of resisting blows struck by another person on the opposite side of the bar of iron; that the defendant gave another of its employes a hammer with which to strike the iron; that it became the duty of the defendant to furnish the employe, whose duty it was to strike the iron, a hammer reasonably safe in its construction and condition; that the defendant neglected its duty in this respect and furnished such employe an old, defective, dangerous and unsuitable hammer; that because thereof, when it was struck against the iron, it glanced and struck the plaintiff, whereby he was injured, &c.

The first ground of demurrer requiring consideration is that the declaration fails to apprise the defendant of any negligence on its part.

It is the duty of the master to furnish for the use of the servant tools which are reasonably safe and fit for the purpose to which they are to be applied. *Tompkins* v. *Machine Company,* 41 *Vroom* 330; *McDonald* v. *Standard Oil Co.,* 40 *Id.* 445; *Campbell* v. *Gillespie Company, Id.* 279.

We have pointed out that the declaration charges that the tool furnished was dangerous and unsuitable, or, synonymously, unsafe and unfit. Further, the respects in which the tool furnished was unsafe and unfit are alleged, namely, that it was old and defective. Of course, good pleading requires that the declaration should so specify the character of the defect as to reasonably apprise the master of the case to be made against him. But such lack of certainty cannot be taken advantage of on general demurrer. It constitutes a formal defect, and the remedy is a motion to strike out the pleading.

*Central Railroad Co.* ads. *Van Horn,* 9 *Vroom* 133; *Race* v. *Easton and Amboy Railroad Co.,* 33 *Id.* 536; *Minnuci* v. *Philadelphia and Reading Railroad Co.,* 39 *Id.* 432; *Esslinger* v. *Boehm, ante p.* 82.

The only other ground of demurrer requiring consideration is this: That the risk of injury suffered by the plaintiff was assumed by him.

When the defect in the tool used by the servant is obvious, the servant who uses it assumes the obvious risk of danger to himself; but he cannot assume an obvious risk in such case for a fellow servant who does not know of the defect or danger. *Campbell* v. *Gillespie Company, supra.* See, also, 26 *Cyc.* 1204.

The plaintiff declares that he was ordered to stand and hold a tool against the iron bar opposite the point at which his fellow servant was to stand and strike with a hammer. From a consideration of the allegations of the declarations alone, it cannot be said, as a matter of law, that the plaintiff could observe, or ought in the exercise of reasonable care to have observed, the condition of the hammer in the hands of his fellow servant, and so be deemed to have assumed the risk.

The plaintiff is entitled to judgment on the demurrer.