SOUTHERN RAILWAY COMPANY *v.* THOMAS HENSLEY.

(*Knoxville.*   September Term, 1917.)

1. **MASTER AND SERVANT.**   Safe tools.   "Simple tool."

A sharp-bladed, hammer-headed cleaver, used to cut iron rods by striking it with a sledge, was a "simple tool," the fact that the handle was not wedged being apparent on casual observation; and the employee, having equal opportunity to observe it, could not recover when injured by the head flying off. (*Post, p.* 412.)

Cases cited and approved: Harry Sivley v. Nixon Mining & Drill Co., 128 Tenn., 675; Roofing & Manufacturing Co. v. Black, 129 Tenn., 30.

2. **MASTER AND SERVANT.**   Safe tools.   Simple tool.   Fellow servants.

The fact that such tool was handled at the time of injury by a co-worker, when plaintiff and the co-worker used it interchangeably, did not render the master liable, since such interchangeable use made it plaintiff's tool. (*Post, pp.* 412, 413.)

Cases cited and approved: Noble v. Bessemer Steamship Co., 127 Mich., 103; Missouri, K. & T. R. Co. v. Quinlan, 77 Kan., 126; Campbell v. Gillespie, 69 N. J. Law, 279; Pushcart v. New York Shipbuilding Co., 81 N. J. Law, 261; Williams v. Garbutt Lumber Co., 132 Ga., 221.

3. **MASTER AND SERVANT.**   Injuries to servant.   Acts of "vice principal."

Where plaintiff and his co-worker constituted a 'team" plaintiff working as "buddie" or assistant, but both doing common labor, though the co-worker directed plaintiff, he was not a "vice principal." (*Post, pp.* 413, 414.)

Cases cited and approved: Railroad v. Edwards, 111 Tenn., 31; Allen v. Goodwin, 92 Tenn., 385; Allen v. Chamberlain, 134 Tenn., 438.

Southern Ry. Co. v. Hensley.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—VON A. HUFFAKER, Judge.

ROSCOE WORD, for appellant.

PICKLE, TURNER, KENNERLY & CATE, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Plaintiff in error was sued by the defendant in error in the circuit court of Knox county, for an injury alleged to have been tortiously inflicted upon him, in the course of some work he was doing for the latter. The facts were these:

The defendant in error was an employee of the plaintiff in error, in its Coster yards at Knoxville, along with a large number of other persons. The laborers worked in pairs; defendant in error and one Foust were companions. They were engaged in dismantling cars. In the performance of this duty they were required to cut iron rods to enable them to separate the car into its constituent parts. They used two tools, a cleaver and a sledge hammer. The cleaver had a sharp edge or surface on one end, and on the other it had a hammer

head. Into the center of the tool was thrust its handle.
In the performance of the work in hand it was required
that one of the companions should hold the sharp edge
of the cleaver on the rod while the other struck the ham-
mer head of this tool with the sledge hammer. In this
way the rods were severed. The handle of the cleaver
was not wedged tightly in the eye. It did not need to be
tightly wedged when used simply in the manner just
described. Moreover, wedging the handle tightly into
the eye of the cleaver bred inconvenience for the laborer
whose business it was to sharpen it, because it could
not be sharpened without taking it off the handle. It
required to be sharpened frequently. So it was that
very few of the cleavers had tightly fitted handles.
However, although it was not necessary to use the
cleaver as a hammer, still plaintiff in error's laborers
did frequently so use it in the progress of the work,
after the cutting was done, in knocking the pieces of
metal apart; and this was practiced under the eye of
the vice principal, Reed, and he raised no objection.
Defendant in error's companion, Foust, at the time the
injury occurred, was so using the cleaver. He was try-
ing to knock two pieces of metal apart, with the result
that the cleaver flew off of its handle, and, after striking
a log, rebounded and struck the defendant in error on
his foot, seriously injuring him. The defendant in error
and Foust held the cleaver and used the sledge hammer
interchangeably; that is, sometimes defendant in error
would hold the cleaver and Foust would strike, and *vice
versa*. So both had an opportunity of examining the

cleaver and ascertaining that the handle was not wedged on. These tools were not selected by the laborers, but at night were all turned in to the company, and the next day were issued to the various laborers, with the result that no laborer would necessarily get the same tools the next day. The tools that were used by Foust and defendant in error were issued, on the day in question, to Foust, and afterwards used by them alternatively in the manner stated. Foust says, in his testimony:

"It was not customary for the handles to be wedged in the cleavers. They furnished them to us without being wedged on; I know that. All you had to do to tell that the handles were not wedged on was to look at them. Mr Hensley would sometimes do the driving and I would hold the cleaver, and I would sometimes do the driving and he would hold the cleaver. At the time Mr. Hensley got hurt, he didn't do all the kinds of work I did; he was just learning, you know. I don't remember just how long he had been there. He had not been there long, though. There wasn't anything complicated about any of the tools we worked with there; they were just simple tools; tools we would use every day in work of that kind."

This witness further says, speaking of Hensley:

"He was to work with me. He was called my 'buddie.' I was to show him what to do about taking the cars down. He was my helper, or assistant. I was supposed to direct that work, what work was to be done by us."

Hensley testifies that he had been working for the company two or three weeks.

The plaintiff in error made a motion for peremptory instructions in the trial court, but this was overruled. There were verdict and judgment for $425. The plaintiff in error appealed to the court of civil appeals, and that court reversed the judgment and dismissed the action, holding that the motion for peremptory instructions should have been sustained. The case has reached us on the writ of *certiorari*.

We are of the opinion that the court of civil appeals reached the correct conclusion. The cleaver was a simple tool. The fact that the handle was not wedged was apparent from a mere casual observation. So the defendant in error had as good an opportunity to judge of its condition as the plaintiff in error had. Under such circumstances there can be no recovery. *Harry Sivley* v. *Nixon Mining & Drill Co.,* 128 Tenn., 675, 164 S. W., 772, 51 L. R. A. (N. S.), 337; *Roofing & Manufacturing Co.* v. *Black,* 129 Tenn., 30, 164 S. W, 1183.

It is insisted, however, that inasmuch as the tool was in the hands of defendant in error's co-worker at the time the injury occurred, the rule does not apply. Under such circumstances the authorities also hold that it does not apply. *Noble* v. *Bessemer Steamship Co.,* 127 Mich. 103, 86 N. W., 520, 54 L. R. A., 456, 89 Am. St. Rep., 461; *Missouri, K. & T. R. Co.* v. *Quinlan,* 77 Kan., 126, 93 Pac., 632; *Campbell* v. *Gillespie,* 69 N. J. Law, 279, 282, 55 Atl., 276; *Pushcart* v. *New York Shipbuilding Co.,* 81 N. J. Law, 261, 81 Atl., 113; *Williams*

v. *Garbutt Lumber Co.,* 132 Ga., 221, 64 S. E., 65. The ground on which these decisions rest is, in substance, that, while the general rule applies to simple tools as to others, that it is the duty of the master to furnish tools reasonably safe, yet if they are of the simple character indicated and a casual inspection would disclose the defect in them subsequently complained of, and to which the injury is attributable, the servant is charged with notice of what he could have observed by such attention, and is held to have assumed the risk thereof; his opportunity of observation being equal to that of the master, and the tool being of such character that no skill would be required to observe its condition, but that where the tool which did the injury was in the hands of a co-worker the rule cannot, in general, apply, because it is not the duty of any laborer to examine even casually tools in the hands of his co-workers or fellow servants, and such fellow servants cannot assume risks for any one but themselves. These cases, however, would not apply under such facts as we have before us, because here, as stated, the two co-workers used the tools interchangeably, and so the cleaver became the tool of each man, and each had a fair opportunity to observe the very obvious fact that the handle was not wedged.

It is insisted in behalf of the defendant in error that Foust occupied the position of vice principal to him. This is not a correct view. He was only a leader in the particular work, and such an one is not a vice principal. *Railroad* v. *Edwards,* 111 Tenn., 31, 45, 46, 76 S. W., 897. In addition to this, at the time the injury

occurred he was not doing such work as a vice principal does, but the work of a common laborer, and for that reason the contention could not be maintained as laid down in *Allen* v. *Goodwin,* 92 Tenn., 385, 21 S. W., 760; *Railroad* v. *Edwards,* supra; *Allen* v. *Chamberlain,* 134 Tenn., 438, 441, 183 S. W., 1034.

The result is the judgment of the court of civil appeals must be affirmed with costs.