SHEPHERD *v.* CITY OF CHATTANOOGA.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

Rankin, Frazier & Roberts, of Chattanooga, for plaintiff in error.

J. W. Anderson, of Chattanooga, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Plaintiff's declaration was held not to state a right or cause of action against the city, on demurrer, and he has appealed in error.

The suit is for damages for personal injuries. Plaintiff avers that, while working on a city street, repairing a curb or surface drain, under the control and orders of the city, he was struck and injured by a piece of metal flying from a sledge hammer which was being used by another employee of the city engaged in the same or similar work; that this hammer was old and worn, was defective and dangerous to use, and was so known to be by the city. The furnishing and use of this defective tool is the negligence relied upon as giving the plaintiff a right of action for damages for his injury.

Plaintiff's counsel recognize that the city is not liable in damages for the negligent tort of its agents and servants, if they were employed and acting in furtherance of the city's public or governmental duty and obligation. But it is contended that in the construction and repair

of its streets a city in acting in its corporate or proprietary right, subject to all the consequences arising from the doctrine of *respondeat superior*. We think this contention must be sustained.

It is the settled law of this jurisdiction that a municipal corporation holds the easements of its streets, in trust, for the benefit of the corporation, with the power to grade, pave, and otherwise improve them, and is liable in damages for injuries caused by its negligent failure to keep them in a safe condition for the use of the public. *Mayor, etc., of City of Memphis* v. *Lasser*, 28 Tenn. (9 Humph.), 757; *Mayor, etc., of City of Memphis* v. *Kimbrough*, 59 Tenn. (12 Heisk.), 133; *Mayor, etc., of City of Knoxville* v. *Bell*, 80 Tenn. (12 Lea), 157; *City of Knoxville* v. *Harth*, 105 Tenn., 436, 58 S. W., 650, 80 Am. St. Rep., 901; *Mayor, etc., of City of Nashville* v. *Brown*, 56 Tenn. (9 Heisk.), 1, 24 Am. Rep., 289.

The principle of law established by these cases is that the obligation to keep and maintain its streets is one cast upon a municipality in its corporate capacity, and that in the performance of this obligation it does not act as a governmental agency of the state which created it. From this it seems to us to follow logically and necessarily that in the selection and use of the physical means and agencies by which this obligation is to be performed, the municipality is likewise acting in its corporate capacity. We are not able to perceive any basis for the distinction urged upon us by the city, that the act of improving or repairing a street may be a governmental act, or in pursuance of a governmental duty, when done in compliance with a corporate obligation to keep and maintain the street in a safe condition. *Saulman* v. *City of*

*Nashville*, 131 Tenn., 427, 175 S. W., 532, L. R. A., 1915E, 316, Ann. Cas., 1916C, 1254.

While the injuries suffered by the plaintiffs in the cases of *Mayor, etc., of City of Nashville* v. *Brown* and *City of Knoxville* v. *Harth*, cited above, were directly caused by the physical condition of streets, the opinions of the courts sustain our conclusion in this case. In *Mayor, etc., of City of Nashville* v. *Brown* the theory of liability stated by the trial judge in his charge to the jury, approved by this court, was that the city was liable for its agent's negligence in permitting the street to become unsafe, while the agent, under contract with the city, was engaged in improving the street. To the same effect is *City of Knoxville* v. *Harth*.

So in *Conelly* v. *Nashville*, 100 Tenn., 262, 46 S. W., 565, the act of sprinkling a street was held to be a governmental task by referring it to the charter power to preserve the general health of the community rather than to the power to open, alter, and repair streets.

The brief of the city is largely devoted to the citation and discussion of cases from other jurisdictions, showing an apparent conflict in authority. The conflict is only apparent. We are cited to no case holding that the act of improving or repairing a street is a governmental task when the obligation to preserve and maintain the street in a safe condition is a corporate function, as in this jurisdiction, with the possible exception of *Board of Counsel of City of Danville* v. *Fox*, 142 Ky., 476, 134 S. W., 883, 32 L. R. A. (N. S.), 636. See McQuillan on Municipal Corporations (2 Ed.), vol. 6, secs. 2805, 2806; *Barree* v. *Cape Girardeau*, 197 Mo., 382, 95 S. W., 330, 6 L. R. A. (N. S.), 1090 (note), 114 Am. St. Rep., 763; *City of Wooster* v. *Arbenz*, 116 Ohio St., 281, 156 N. E., 210,

52 A. L. R., 518, and note. The other applicable cases are reviewed and the distinction noted in the two annotations cited. All the cases which discuss the question support this general principle that whether the work of improving or repairing a municipal street is a corporate or governmental function of the municipality is controlled by the primary question, whether the duty to keep and maintain the streets in a safe condition is a corporate or a governmental obligation.

A second ground of demurrer, sustained by the circuit court, is that the injury described in the declaration was caused by a defect in a simple tool, and that applicable rules of law did not charge the city with the duty to inspect the tool nor charge it with liability for negligence in the use of such a tool.

The declaration avers that the city had knowledge of the defective and dangerous condition of the hammer, and that the plaintiff had no knowledge thereof.

The demurrer does not invoke the fellow-servant rule. Nonliability is asserted only because of the simple character of the defective tool.

The reason for absolving a master from liability for injuries caused by the defective condition of a simple tool or appliance is stated in *Southern Ry. Co.* v. *Hensley*, 138 Tenn., 408, 413, 198 S. W., 252. The servant is charged with an assumption of the risk of that which must be as obvious to him as to the master. The reason for the rule excludes its application to an injury to one who neither used the tool nor had any occasion to inspect it, and therefore was not on equal terms with the master in opportunity to understand and weigh the danger to which he was subjected.

The demurrer should have been overruled. The judgment sustaining it will be reversed and the case remanded to the circuit court. Defendant will pay the costs of the appeal.