Boyd *et ux. v.* City of Knoxville.

(*Jackson,* April Term, 1937.)

Opinion filed May 5, 1937.

HARTMAN, HARTMAN & DOUGHTY, of Knoxville, for plaintiffs in error.

WAYNE PARKEY and FRANK MONTGOMERY, both of Knoxville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

James K. Boyd and his wife were injured when their automobile ran into the rear end of a large garbage truck owned and operated by the City of Knoxville. Each instituted suits against the city to recover damages. The cases were heard together. At the conclusion of the plaintiffs' proof, the trial court sustained motions by the city for directed verdicts, and the suits were dismissed. Upon appeal, the judgments of the trial court were affirmed by the Court of Appeals.

The accident occurred at 2:30 a. m. on December 8, 1935, on West Cumberland street in the City of Knoxville. The truck was engaged in taking up garbage and trash, and had stopped about 6 feet from the curb. Its tail light was not burning. Boyd and wife were driving west to their home, and were trailing another automobile some 25 or 30 feet. Boyd was driving at the rate of

20 or 25 miles per hour, was looking ahead, his lights were burning brightly, and he had his car under control. The night was rainy and foggy. The car in front of Boyd made a sharp swerve to the left, barely missing the garbage truck. Boyd thereupon observed the truck when within 10 feet of it, applied his brakes, and braced himself for the impact. There was no way to avoid the collision. Mrs. Boyd was seriously injured, but Boyd's injuries were not so great. It is conceded that the city in collecting garbage is engaged in a governmental function for which it is not rendered liable by its employees' negligence. *City of Nashville* v. *Mason*, 137 Tenn., 169, 192 S. W., 915, L. R. A. 1917D, 94. This rule has no application, however, where the city commits a nuisance, and counsel for plaintiffs contend that these cases come within the exception just noted. Counsel fail, however, to give effect to the distinction pointed out by this court in *Burnett* v. *Rudd,* 165 Tenn., 238, 54 S. W. (2d), 718, that in order to hold the city liable for creating a nuisance in the performance of a governmental function, it must have committed some affirmative act, as distinguished from the negligence of its employees resulting in injury to a citizen, and decisions of this court, illustrative of such affirmative action by the city, were cited in that case. In the instant case the city did not authorize its employees to park its truck out in the street without a tail light, and it was guilty of no affirmative act. The accident was due solely to the negligent acts of the employees of the city, for which the latter is not liable.

Counsel for plaintiffs insist that *City of Knoxville* v. *Lively,* 141 Tenn., 22, 206 S. W., 180, 181, is a direct authority in support of their contention as to the city's liability. In that case the servants of the city placed a

road roller so near the street car track that it struck and injured the conductor, who was standing on the running board of a passing street car collecting fares. In affirming the judgment for plaintiff, the court said: "But in the following cases it has been held that, even though the act be of a governmental nature, the city cannot commit a nuisance in the discharge of such a duty, and, if it does, it is liable for damages resulting therefrom." (Citing several decisions of this court.) From an examination of the cases cited, it appears that in each the city had committed some affirmative act, which was not true in that case; hence the basis for the recovery was erroneously stated, although the result arrived at was correct. In operating a road roller, the city is engaged in the performance of a municipal duty, so that it is chargeable with the negligent acts of its employees engaged within the scope or apparent scope of their employment.

In *Shepherd* v. *City of Chattanooga*, 168 Tenn., 153, 155, 76 S. W. (2d), 322, 323, it is said:

"It is the settled law of this jurisdiction that a municipal corporation holds the easements of its streets, in trust, for the benefit of the corporation, with the power to grade, pave, and otherwise improve them, and is liable in damages for injuries caused by its negligent failure to keep them in a safe condition for the use of the public. *Mayor, etc., of City of Memphis* v. *Lasser*, 28 Tenn. (9 Humph.), 757; *Mayor, etc., of City of Memphis* v. *Kimbrough*, 59 Tenn. (12 Heisk.), 133; *Mayor, etc., of City of Knoxville* v. *Bell*, 80 Tenn. (12 Lea), 157; *City of Knoxville* v. *Harth*, 105 Tenn., 436, 58 S. W., 650, 80 Am. St. Rep., 901; *Mayor, etc., of City of Nashville* v. *Brown*, 56 Tenn. (9 Heisk.), 1, 24 Am. Rep., 289.

"The principle of law established by these cases is that the obligation to keep and maintain its streets is one cast upon a municipality in its corporate capacity, and that in the performance of this obligation it does not act as a governmental agency of the state which created it."

For the reasons stated herein, we hold that the city is not liable for the injuries which plaintiffs sustained. It follows that the petition for writ of *certiorari* will be denied.