Cheryl Ann DeGARMO, by next friend, Kenneth Avery DeGarmo, Plaintiff-Appellee,

v.

CITY OF ALCOA, Defendant-Appellant.

No. 15537.

United States Court of Appeals
Sixth Circuit.

May 20, 1964.

J. C. Gamble, Maryville, Tenn., for appellant, M. H. Gamble, Jr., Houston M. Goddard, Maryville, Tenn., on the brief, Goddard & Gamble, Maryville, Tenn., of counsel.

Rom L. Meares, Maryville, Tenn., and Howard F. Jarvis, Knoxville, Tenn., for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

HARRY PHILLIPS, Circuit Judge.

The minor plaintiff brought this action through her father as next friend against the City of Alcoa, a municipal corporation in Blount County, Tennessee. The case was tried to a jury, resulting in a verdict for plaintiff in the amount of $25,000 in damages for injuries she sustained at a city construction project. Jurisdiction is grounded upon diversity of citizenship, the plaintiff now being a resident of West Virginia.[1]

At the time of the injuries to plaintiff, the City was engaged in the installation of drainage pipes on either side of a street in a thickly populated residential section. In the course of its operation, the City dug ditches and piled the dirt on the traffic side of the ditch. Before the cessation of work each day, flares or flambeaus were placed and lighted to warn the public of the construction work. These flares were of the type commonly

1. The parties will be referred to in this opinion as they appeared in the District Court.

known as smudge pots: spherical shaped metal containers some eight inches in diameter containing fuel oil which burns through a wick and makes an exposed flame.

The plaintiff, who was then four years and nine months old, resided on the street where the construction work was being done. On November 28, 1960, at about 5:00 p. m., shortly after the smudge pots had been lit, the plaintiff was playing near one of them. Evidence was introduced to the effect that she was sitting in a pool of oil which apparently had been spilled in filling the smudge pot, and this spilled oil had soaked into her dress. She was throwing rocks at the flame and burning paper in it. When she arose to leave, the flame ignited her dress and resulted in severe burns and injuries.

Plaintiff asserted two theories of recovery: (1) the City was liable for the negligence of its employees in maintaining the smudge pots; and (2) the City was liable for creating a dangerous situation which constituted a nuisance.

Only the nuisance theory was submitted to the jury, under the controlling case law of Tennessee relating to the liability of municipal corporations. In Tennessee, when a municipal corporation is engaged in a proprietary function it can be liable in damages for the negligence of its employees; when it is acting in a governmental capacity, however, it is immune from liability for the negligence of its employees, but may be liable for acts which constitute a nuisance. Vaughn v. City of Alcoa, 194 Tenn. 449, 251 S.W.2d 304; Johnson v. Tennessean Newspapers, Inc., 192 Tenn. 287, 241 S.W.2d 399; Boyd v. City of Knoxville, 171 Tenn. 401, 104 S.W.2d 419; Burnett v. Rudd, 165 Tenn. 238, 54 S.W.2d 718; City of Nashville v. Mason, 137 Tenn. 169, 192 S.W. 915, L.R.A.1917D, 914.

The District Judge, the Honorable Robert L. Taylor, held that this drainage project, under Tennessee law, was a governmental, as opposed to a proprietary, function of the defendant municipal corporation; and that the City therefore was immune from liability for negli-

gence, but could be liable for creating a nuisance.

Motions for a directed verdict and for a judgment notwithstanding the verdict were overruled by the District Court.

The city contends that the District Judge erred in submitting to the jury the issue of whether or not the City created or maintained a nuisance which proximately caused or contributed to the injuries suffered by the plaintiff. This is the single question presented by the City on this appeal. We look to Tennessee law to determine the question of the sufficiency of the evidence to permit the jury to find the facts essential to liability. Gilreath v. Southern Railway Co., 323 F.2d 158, 162 (C.A. 6).

In determining whether or not under Tennessee law a verdict should have been directed in favor of the defendant, the evidence and the inferences reasonably and justifiably to be drawn therefrom are to be viewed in a light most favorable to the plaintiff. Gilreath v. Southern Railway Co., supra; Railroad v. Abernathey, 106 Tenn. 722, 64 S.W. 3. If there is any material evidence in the record when viewed in the most favorable light toward plaintiff, the verdict of the jury as approved by the trial court must be sustained. Hime v. Sullivan, 188 Tenn. 605, 221 S.W.2d 893; D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W. 2d 897.

In overruling the motion for a new trial, the District Judge said:

"Now the question of whether defendant was guilty of creating a nuisance, just a plain nuisance, presents another question. Would the Court be justified in saying the evidence is not sufficient to present a question to the jury as to whether a nuisance existed and whether the nuisance was the proximate cause of of this child's accident and resulting injuries?

"The Court is constrained to believe that the evidence, without undertaking at this time to review it in detail, presents a question of fact

for the jury. This is another way of saying that the evidence is sufficient from which reasonable minds could draw different conclusions, different inferences, as to whether or not the situation described by the witnesses did or did not create a nuisance."

■■ It seems clear that a burning smudge pot cannot be called a nuisance *per se*. The use of these pots as a warning devise is an accepted practice in the construction trade. In this case, however, there are other factors which lead us to hold that the District Judge did not err in submitting the case to the jury.

The City used smudge pots with open flames in a residential section heavily populated with children. The City engineer testified that he and other officials knew that there were numerous small children living in the immediate vicinity and that they were playing on the street as the construction work progressed. The City Superintendent of Public Works testified that "I saw children and I cautioned each one of them to get away from these flares when they were lit." He said that he warned children to stay away from the smudge pots "or you'll get burned." Yet no barricade of any kind was erected to protect children from the open flames. There was testimony to the effect that the City had available to it electric blinker lights or a lantern-type device with a glass enclosed flame, either of which could have been used instead of smudge pots.

Further, there was evidence that the City allowed fuel oil to spill on the ground, apparently a recurring rather than an isolated condition. One witness testified that plaintiff was "sitting in some oil" immediately prior to the time she was burned, and that the oil was "right near the pot." Another witness stated that there was oil on the ground "in six feet of where this little girl was burning" and that the oil had "soaked up," leaving an "oblong looking" black spot. One of the men taking plaintiff to the hospital said that he definitely smelled oil on her clothing.

The District Judge charged the jury thoroughly concerning the Tennessee law relating to nuisances.[2]

2. The charge contains this language:
"A case of this kind, as previously indicated, is based upon nuisance and there are certain rules of law that have been made over the course of years and which the Court will call to your attention at this time.
"A nuisance 'in legal parlance extends to everything that endangers life or health, gives offense to the senses or obstructs the reasonable or comfortable use of property.' As a general rule negligence is not involved in a nuisance action and is not essential to the cause of action, although negligence may have been involved in producing the condition which embodies a nuisance. As a general rule, every unreasonable use by a person of his own property in such a way as to cause material annoyance, discomfort or hurt to other persons or the public generally which violates the rights of another in an essential degree constitutes a nuisance. The ordinary negligent act expends its force in one act or incident whereas in a nuisance there may be a continuation of the effects of the unlawful or negligent act which at a later time may produce injury.

"But it should be emphasized that negligence is not essential to a cause of action for nuisance. The term nuisance applies to that class of wrongs that arise from the unreasonable, unwarrantable or unlawful use of property which works an obstruction or injury to the right of another or of the public and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage.
"A municipal corporation, and the City of Alcoa is a municipal corporation, is liable for a nuisance, if by an affirmative act a nuisance is created.
"Of course, a city, like a private corporation, can only act through its public officials and its employees, and a city ordinarily is bound by the acts of their officers and employees for acts done in the performance of the duties of the city. But the municipality must have committed an affirmative act. While a lawful act may be a nuisance by reason of its negligent use or operation, a nuisance is a condition and not an act or failure to act of the person responsible for the condition. As a general rule, negligence is not involved in a nuisance action, it is

We find this charge to be fully supported by the Tennessee cases. See Llewellyn v. City of Knoxville, 33 Tenn.App. 632, 649, 232 S.W.2d 568; Weakley County v. Carney, 14 Tenn.App. 688; Yarbrough v. Louisville & Nashville Railroad Co., 11 Tenn.App. 456, 466.

The City contends that it was not guilty of any "affirmative act" creating a nuisance. We agree with the trial court that there is evidence in this case from which the jury could find as a fact that such an "affirmative act" was committed. See Johnson v. Tennessean Newspapers, Inc., 192 Tenn. 287, 241 S.W.2d 399 (involving installation and maintenance of water outlet covers in a city park); City of Nashville v. Mason, 137 Tenn. 169, 192 S.W. 915 (involving maintenance of a city dump); Kolb v. Knoxville, 111 Tenn. 311, 76 S.W. 823 (involving vapors from manhole covers); and City of Chattanooga v. Dowling, 101 Tenn. 342, 47 S.W. 700 (involving discharge of sewage).

In the present case there was evidence from which the jury could have found that the creation of the dangerous condition resulting in injuries to plaintiff was created by the affirmative action of the City and its officers and employees in the construction of a duly authorized municipal improvement.

We are not presented here with a single act of negligence on the part of city employees but with a dangerous condition created and maintained under the direct supervision of municipal authorities. We find the cases relied upon by the City [3] to be factually distinguishable.

The judgment of the District Court is affirmed.

the effect upon others of the condition or use of the premises which is actionable.

"The condition produced by the use of the premises may not be inherently dangerous. But even if dangerous it may not under all the circumstances have been reasonable to require the city to invoke the expense, burden and inconvenience of eliminating all danger.

"Whether the condition produced by the use of the premises is a nuisance is a question for the jury. It may find there was no condition producing inconvenience or hurt to other persons. It may find that there is or was a nuisance but that it would not under all the circumstances be reasonable to require the municipality to take the necessary steps to eliminate the nuisance. · ·

"Ordinarily where the use made of the property is reasonable, no actionable nuisance is created against which relief may be had. Whether a use is reasonable depends on many and varied facts. No hard and fast rule controls the subject. A use that might be reasonable under one set of facts might be unreasonable under another.

\* \* \* \* \*

"A municipality is not liable for negligence for its employees while acting in its governmental capacity, but it is liable for damages to injuries to person if it creates a nuisance and the nuisance is the proximate cause of the injury."

3. Vaughn v. City of Alcoa, 194 Tenn. 449, 251 S.W.2d 304; Boyd v. City of Knoxville, 171 Tenn. 401, 104 S.W.2d 419; Burnett v. Rudd, 165 Tenn. 238, 54 S.W. 2d 718; and Russell v. City of Chattanooga, 38 Tenn.App. 670, 279 S.W.2d 270.