600

WALTER R. FLANNAGAN and City of Knoxville, Plaintiffs in Error, v. GEORGIA LEE et al., Defendants in Error. —409 S.W.(2d) 385.

Eastern Section. June 26, 1966.

Certiorari Denied by Supreme Court, November 7, 1966.

Robert L. Crossley, Knoxville, for plaintiffs in error.

William P. Newkirk, Knoxville, Bolt & Newkirk, Knoxville, of counsel, for defendants in error.

McAMIS, P. J.   These actions grew out of a collision between an automobile operated by Mrs. Georgia Lee and a truck operated by the defendant Flannagan engaged in hauling crushed stone to be used in the repair of streets of the defendant City of Knoxville.

Mrs. Lee and passengers in the car sued to recover for personal injuries. Her husband sued for damages to the car and for loss of services and medical expenses incurred in the treatment of his wife and daughters who were also injured as a result of the collision. Ellen K. Ferguson, another occupant of the car, sued for personal injuries and her father sued for loss of services and medical ex-

penses. The six cases were consolidated for trial and resulted in verdicts and judgments for each of the plaintiffs from which defendants have appealed.

The accident occurred at the intersection of Fifth Avenue and Winona Street where traffic is controlled by an overhead traffic light. The Lee car approached the intersection from the west on Fifth Avenue. Plaintiffs claim they had a green light. The first count in each of the declarations charges that defendant Flannagan while on a mission for his employer, City of Knoxville, approached the intersection from the south on Winona at an excessive speed, with a load of crushed rock, and entered the intersection on a red light causing a collision within the intersection.

The second count charges defendant City of Knoxville was guilty of negligence in the selection of defendant Flannagan as the driver of its truck since it had in its possession records of numerous infractions of its traffic laws including driving while intoxicated and driving without a license and that Flannagan was so driving at the time of the accident.

Both defendants filed pleas of not guilty and the City also filed a plea raising the defense that in the maintenance of its streets it was engaged in a governmental function and, therefore, immune from suit.

The first assignment is that the Court erred in not directing a verdict in favor of the City at the conclusion of plaintiffs' proof in chief. This motion was waived when the City elected to introduce proof. Sadler v. Draper, 46 Tenn.App. 1, 326 S.W.2d 148 and cases cited. The first assignment is, accordingly overruled.

■ The second assignment makes the insistence the Court erred in not directing a verdict for the City on its motion made at the conclusion of all the evidence because, it is said, plaintiffs introduced no proof that, in the operation of the truck, the City was acting in a proprietary capacity. This assignment raises what we consider the principal question for decision on appeal. We have concluded for reasons to be stated that this assignment is not sustainable.

The proof shows without dispute that Flannagan and two other City employees who were occupants of the truck were taking a load of crushed rock to fill holes in a street or sidewalk north of the intersection. Flannagan had been employed by the City for a number of years to operate one of its trucks in making street repairs.

■ The City very properly concedes, citing Shepherd v. City of Chattanooga, 168 Tenn. 153, 76 S.W.2d 322, that a municipal corporation holds its streets in a corporate or proprietary capacity and is liable for injuries caused by its negligent failure to keep its street and sidewalks in a safe condition for the use of the public. A myriad of cases could be cited for the rule including a number cited in the Shepherd case, as well as more recent decisions of the Supreme Court and of this Court.

■ The City, however, seeks to draw a distinction between municipal liability for a defective condition of its streets and liability for some negligent act in connection with the necessary maintenance of streets and sidewalks, in this case the transportation of materials. We think the distinction is untenable.

A similar contention was made and rejected in Shepherd v. City of Chattanooga, supra. In that case the plain-

tiff Shepherd was engaged with other workmen in repairing a curb or surface drain when he was injured due to the use of a defective tool by a fellow employee of the City.

After citing a number of cases, the Supreme Court said:

"The principle of law established by these cases is that the obligation to keep and maintain its streets is one cast upon a municipality in its corporate capacity, and that in the performance of this obligation it does not act as a governmental agency of the state which created it. *From this it seems to us to follow logically and necessarily that in the selection and use of the physical means and agencies by which this obligation is to be performed, the municipality is likewise acting in its corporate capacity.* We are not able to perceive any basis for the distinction urged upon us by the city, that the act of improving or repairing a street may be a governmental act, or in pursuance of a governmental duty, when done in compliance with a corporate obligation to keep and maintain the street in a safe condition. Saulman v. City of Nashville, 131 Tenn. 427, 175 S.W. 532, L.R.A.1915E, 316, Ann.Cas. 1916C, 1254." (Italics ours.)

The great preponderance of the evidence shows Mrs. Lee entered the intersection on a green light and that the truck ran a red light. There was no error in overruling the motion for peremptory instructions as to the first count.

■ The third assignment is that the court erred in admitting records of the City Court of Knoxville showing the following convictions of Flannagan: (1) August 17, 1955, driving on the wrong side of the street, (2) January

21, 1956, driving while intoxicated, no driver's license, (3) October 5, 1958, driving while intoxicated and hit and run, (4) December 14, 1951, driving while intoxicated and no driver's license.

Before passing on this assignment it should be pointed out that in the trial court this evidence was not objected to on the ground of remoteness in point of time or that notice to the City police department, the City Judge and its Records Division is not notice to the City as a corporate entity.

The City insists, however, this evidence was irrelevant and "strongly prejudicial" and cites in support of this assignment Kennedy v. Crumley, 51 Tenn.App. 359, 367 S.W.2d 797. The opinion in that case merely states that evidence of conviction of the entrustee three to five years before the accident was not sufficient, standing alone, to show that the defendants *had knowledge* of his incompetency at the time of the entrustment—not that such convictions were not evidence of incompetency. The effect of this holding is that on the question of notice the plaintiff must go further and show that the entruster either knew of such convictions or in the exercise of due care should have known of them. Here, the arrests were made by officers of the defendant, convictions imposed by the City Judge and records of such convictions preserved of record by its Superintendent of Records Division.

Under Kennedy v. Crumley the basis for holding the entruster liable for acts of the entrustee is that the entruster knew of the entrustee's incompetence or by the exercise of due care should have known of such incompetence. As appears from the authorities cited in the opinion this seems to be the well established and uniform rule elsewhere. Since the City itself made the arrests and

imposed the convictions, the records admitted showed both incompetency and notice or knowledge of incompetency. There is no evidence to the contrary.

The fourth assignment is based upon the Court charging plaintiff's special request as follows:

"It is the duty of the City of Knoxville to use care and diligence in the selection of agents, servants and employees, and (in making) make improvements to retain the requisite degree of control and superintendence over them in the performance of their duty and afford such measure of diligence and care as will guard against exposure to injuries of any kind."

With the immaterial correction in parenthesis which we have made, this portion of the charge is taken almost literally from the charge approved by the Supreme Court in Mayor, etc., of Nashville v. Brown, 56 Tenn. 1.

■ In any event we have held the first count is sustained by the evidence, and the charge complained of had no relevancy to that issue. The charge applicable to the second count could not be prejudicial under T.C.A. sec. 20-1317, requiring the court to apply the verdict to the good count. Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6; Spence v. Carney, 40 Tenn.App. 580, 292 S.W. 2d 438.

■ The final insistence is that the Court erred in telling the jury the amount of damages claimed in each of the plaintiffs' declarations. In making this insistence counsel has overlooked T.C.A. sec. 20-1328 expressly approving this practice. There was no error in this action.

Affirmed.

Cooper and Parrott, JJ., concur.